Jesús Trujillo Lange y su esposa Antonia Lange Avilés, demandantes y apelantes, *v.* José López Fernández, demandado y apelado.

No. 6706.—*Sometido:* Junio 4, 1934. *Resuelto:* Junio 19, 1934.

*J. Sabater,* abogado de los apelantes; *J. Alemañy,* abogado del apelado.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

Se solicita en este caso la desestimación de un recurso de apelación establecido por los demandantes contra una resolución aprobando un memorándum de costas, dictada por la Corte de Distrito de Mayagüez. Se alega que los autos no tienen los documentos requeridos por la ley, y que la apelación interpuesta es frívola y sólo persigue el objeto de demorar, entorpecer y retardar la ejecución del memorándum de costas.

 Entiende la parte apelada que la exposición del caso, que forma parte de la transcripción de los autos en esta apelación, es nula e inexistente porque fué radicada mediante una orden dictada sin jurisdicción. La corte inferior, a juicio del demandado apelado, carecía de autoridad para fijar por su cuenta un término distinto, descartando y desconociendo el que ha sido establecido por el estatuto.

Se arguye que el artículo 299 del Código de Enjuiciamiento Civil señala el término de diez días para efectuar la radicación de la exposición una vez archivada la apelación, y que dentro de los diez días siguientes a su archivo o de la prórroga que en su caso se conceda por la corte, la parte apelante puede presentar, mediante una entrega de una copia al demandado, un pliego en el que hará constar las excepciones tomadas durante el curso de los procedimientos y una exposición del caso. Conviene la parte apelada en que la corte puede prorrogar y ampliar el término legal, en el ejercicio de la facultad concedida por los artículos 299 y 353 del Código de Enjuiciamiento Civil, pero alega que los apelantes en su moción no solicitan prórroga alguna, sino la fijación de un término original para perfeccionar la apelación.

En 19 de marzo de 1934, los demandantes apelantes presentaron una moción en la cual alegan, entre otras cosas, que "optan, para perfeccionar su apelación, por una exposición del caso en lugar de una transcripción de evidencia, cuya exposición presentarán por medio de su abogado y la radicarán dentro del término que la ley conceda", solicitando "un término de veinte días para radicar la mencionada exposición del caso."

La ley concede diez días para presentar la exposición del caso después de radicada la apelación. Los apelantes solicitan un término de veinte días para radicar dicha exposición. Claramente se ve que están solicitando una ampliación del término concedido por la ley. Es verdad que la ley no concede a las cortes de distrito la facultad de crear términos; pero no es menos cierto que autoriza a esos tribunales para

prorrogar y ampliar los términos que han sido expresamente establecidos. No negamos que la moción de los apelantes resulta defectuosa; pero entendemos que la corte inferior procedió con acierto al declararla con lugar, porque de la propia solicitud surge claramente la finalidad que persiguen los apelantes, que no es otra que conseguir una prórroga del término establecido por la ley para radicar la exposición del caso.

Se alega, además, que el artículo 353 del Código de Enjuiciamiento Civil dispone que el tiempo concedido para preparar y radicar una exposición del caso podrá ampliarse por la corte si se alegare y demostrare una justa causa y que en la moción de los apelantes no se expone causa alguna que pueda servir de base al ejercicio de la discreción judicial. Este mismo artículo, en inglés, dispone que el tiempo permitido por el código puede ser extendido *"upon good cause shown"*, es decir, previa demostración de causa. Desde el momento en que la corte inferior concedió la prórroga solicitada, hemos de asumir, en ausencia de prueba en contrario, que hubo causa justificada para el ejercicio de la discreción judicial. En todo caso, aunque se haya incurrido en alguna irregularidad, no basta a nuestro juicio para producir la desestimación del recurso interpuesto.

En cuanto a la frivolidad de la apelación alegada por el apelado, no nos sentimos inclinados, después de estudiados los autos, a desestimar el recurso por esta razón.

*No ha lugar a la desestimación solicitada.*